UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHERYLE R. BAILEY, Executrix for the Estate of RUTH HUDSON | ) ) ) ) | CASE NO. 5:15cv406 |
| PLAINTIFF, | ) ) ) | JUDGE SARA LIOI |
| vs. | ) ) | MEMORANDUM OPINION |
| HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, | ) ) ) | |
| DEFENDANT. | ) | |

This insurance action is before the Court upon the motion of defendant Hartford Life and Accident Insurance Company ("defendant" or "Hartford") to dismiss the complaint (Doc. No. 6 (Motion ["Mot."])). Plaintiff Sheryle Bailey ("plaintiff" or "Bailey") opposes the motion (Doc. No. 8 (Opposition ["Opp'n"])), and defendant has filed a reply (Doc. No. 9 ("Reply")). Defendant's dispositive motion is fully briefed and ripe for resolution.

## I.  BACKGROUND

The background facts set forth herein are taken from plaintiff's complaint. (Doc. No. 1-1 (Complaint ["Compl."]).) Prior to her death, decedent Ruth Hudson ("decedent") purchased an accidental death and dismemberment insurance policy (the "Policy") through First Merit Bank. (Compl. ¶ 4.) The Policy was issued by defendant and provided for a death benefit of $250,000. (*Id.* ¶ 5.) On March 28, 2011, while being assisted into bed, decedent fell, fracturing several bones in her leg. Decedent died of complications from her fall on May 30, 2011. (*Id.* ¶ 6.).

Plaintiff serves as the executrix of decedent's estate, and, following the decedent's death, "made a timely and proper application" to Hartford for payment of the death benefit. (*Id.* ¶ 7.)

While the policy "was in full force and effect at the time of [d]ecedent's death[,]" and plaintiff and decedent "fulfilled all conditions precedent and conditions subsequent to coverage[,]" Hartford only issued a payment of $156,750 to decedent's beneficiaries. (*Id*. ¶¶ 8-9.) This amount represented "50% of the $250,000 coverage with an additional $31,350 inflation adjustment." (*Id*. ¶ 9.).

According to plaintiff, "Hartford alleged, without providing the Policy, that the coverage had an exclusion reducing the death benefit by 50% when and if the policyholder reached the age of 70 . . . ." (*Id*. ¶ 10.) In fact, plaintiff maintains that Hartford never produced a certified copy of the Policy, despite repeated requests for such a document. (*Id*. ¶¶ 5, 10-11.) It is plaintiff's position that Hartford "cannot produce a true and accurate copy of the Policy[.]" (*Id*. ¶ 12.).

Bailey brought suit against Hartford in state court on January 30, 2015, and Hartford removed the action to federal court on March 3, 2015 on the basis of diversity jurisdiction. (Doc. No. 1 (Notice of Removal ["Notice"]) at 2.)[1] Plaintiff's complaint raises three claims: Count I alleges bad faith denial of the insurance claim, Count II asserts breach of contract, and Count III requests declaratory judgment. The matter was transferred to the undersigned's docket on October 6, 2015.

Hartford now seeks dismissal of the complaint upon its belief that the complaint fails to state a cause of action. Specifically, Hartford insists that plaintiff's state law claims are legally deficient because they rest on the fact that Hartford failed to supply plaintiff with a certified copy of the Policy, something it believes it was under no legal obligation to do. Additionally, Hartford maintains that the action is time-barred because plaintiff failed to file the present action within

---

[1] All page number references are to the page identification number generated by the Court's electronic docketing system.

2

the three year limitations period set forth in the Policy.

## II.  STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the pleading. *Davis H. Elliot Co., Inc. v. Caribbean Util. Co., Ltd.*, 513 F.2d 1176, 1182 (6th Cir. 1975). All allegations of fact by the non-moving party are accepted as true and construed in the light most favorable to that party. *See Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998) (citing *Meador v. Cabinet for Human Res.*, 902 F.2d 474, 475 (6th Cir. 1990)). The court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999) (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)).

The sufficiency of the pleading is tested against the notice pleading requirements of Fed. R. Civ. P. 8. Rule 8(a)(2), which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Although this standard is liberal, Rule 8 still requires a complaint to provide the defendant with "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

3

A plaintiff "generally need not plead the lack of affirmative defenses to state a valid claim, *see* Fed. R. Civ. P. 8(a) (requiring 'a short and plain statement of *the claim*' (emphasis added))[.]" *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012); *see Memphis, Tenn. Area Local, Am. Postal Workers Union, AFL-CIO v. City of Memphis*, 361 F.3d 898, 904 (6th Cir. 2004) ("A complaint need not anticipate every defense and accordingly need not plead every response to a potential defense.") (citation omitted). Even in the wake of *Iqbal* (and *Twombly*), a party "is not required to anticipate and respond to every affirmative defense that a defendant may choose to assert. To find otherwise would require a complaint to address and overcome every possible affirmative defense." *Rumpz v. Am. Drilling & Testing, Inc.*, No. 09-10971, 2009 WL 3464826, at *6 (E.D. Mich. Oct. 23, 2009); *see Jones v. Bock*, 549 U.S. 199, 216-17, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007) (a complaint need not refute affirmative defenses).

In entertaining a Rule 12(b)(6) motion, the Court may consider documents that are referred to in the pleadings and are integral to the claims without converting the motion to one for summary judgment. *See Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (citing *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)); *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335-36 (6th Cir. 2007) (citation omitted); *see also Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997) (court may consider documents that govern a party's rights and are necessarily incorporated by reference in the complaint on a motion to dismiss) (citations omitted).

### III. DISCUSSION

According to Hartford, plaintiff's claims fail as a matter of law because, in processing plaintiff's request for benefits, Hartford properly invoked a policy provision that provided for a 50% reduction in the death benefit after the policyholder turned 70 years of age. Hartford notes

that plaintiff "does not allege that [d]ecedent was under the age of 70[,]" and, therefore, she cannot establish that the reduction was inappropriately applied to the award ultimately issued to the decedent's beneficiaries. (Mot. at 46.) In support of its position, Hartford attaches to its motion what purports to be a copy of the policy terms. (Mot. at 45 n.1; Doc. No. 6-1 (Unverified Policy terms).) The document is unauthenticated and does not mention the decedent's name or otherwise indicate on its face that it contains the same terms of the policy that is referenced in the complaint. Plaintiff objects to the consideration of this document, suggesting that it represents "improper evidence" that cannot be offered in support of a Rule 12(b)(6) motion. (Opp'n at 82, 84.).

There can be little doubt that the terms of the Policy are integral to the complaint. Moreover, while a copy of the Policy was not appended to plaintiff's complaint, the Policy forms the basis for all of plaintiff's claims. A properly authenticated copy of the Policy or policy terms, therefore, would not be considered "matters outside the pleadings" for purposes of a Rule 12(b)(6) motion. *See Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999) (district court did not err in refusing to convert motion to dismiss to a motion for summary judgment where insurance policy under consideration was referred to throughout the complaint and central to the claims) (citing *Weiner*, 108 F.3d at 89). It is for this reason that courts may consider documents attached to a motion to dismiss where they are referred to in the complaint, central to the claims, and the opposing party does not "question the substantive validity, accuracy, or completeness of the documents." *Robins v. Global Fitness Holdings, LLC*, 838 F. Supp. 2d 631, 642 (N.D. Ohio 2012) (citations omitted); *see also Greenberg*, 177 F.3d at 514 ("when a document is referred to in the complaint and is central to the plaintiff's claim . . . , the defendant may submit an *authentic copy* to the court to be considered on a motion to dismiss")

(quotation marks and citations omitted) (emphasis added).

Plaintiff, however, questions the validity and/or applicability of the unauthenticated copy of the document submitted by defendant in support of its motion. Plaintiff alleges that defendant has provided "no less than ***three separate versions*** of an insurance policy it claims applies" to plaintiff's claim for benefits. (Opp'n at 87 (emphasis in original); and Doc. Nos. 8-6 and 8-7).) According to plaintiff, each document produced by defendant had a different effective date of coverage.[2] (*Id.*) These representations, coupled with the complaint allegations that plaintiff and the decedent met all of the requirements for a 100% death benefit, are sufficient to raise issues that cannot be resolved at this stage of the case. Specifically, under the circumstances, the Court cannot consider the unauthenticated copy supplied by defendant in support of its motion. *See, e.g., AP Veach v. Blue Springs Sch. Dist.*. Civil No. 4:15-cv-0033-SRB, 2015 WL 5853181, at *3 (W.D. Mo. Oct. 7, 2015) (court could not consider copy of insurance agreement on motion to dismiss where parties disputed the authenticity and completeness of the document); *Gascho v. Global Fitness Holdings, LLC*, 918 F. Supp. 2d 708, 720 (S.D. Ohio 2013) (court refused to consider unauthenticated copy of purported contract offered in support of a motion to dismiss where the plaintiff challenged the validity of the proffered document) (citation omitted); *see also Tierney v. Vahle*, 304 F.3d 734, 739 (7th Cir. 2002) ("What would not be cricket would be for the defendant to submit a document in support of his Rule 12(b)(6) motion that required

---

[2] Hartford maintains that the other documents plaintiff refers to in her opposition brief as having a different effective date from the purported copy of the Policy were certificates of insurance, rather than alternative copies of the policy. (Reply at 116.) Underscoring that certificates are "related but distinct" from insurance contracts, Hartford essentially asks the Court to disregard plaintiff's challenge to the validity of the unauthenticated copy of the Policy appended to the motion to dismiss. (*Id.* n.1.) Hartford also takes issue with plaintiff's suggestion that the Policy is missing, lost or destroyed. The latter issue is more appropriately addressed at a later time. As to the former issue, the fact remains that the Court cannot, on the record as it exists at this time, determine that the unauthenticated document appended to the motion to dismiss contains the terms of the Policy that is referenced in the complaint.

discovery to authenticate or disambiguate; in such a case the judge would be required to convert the defendant's motion to a Rule 56 motion if he were minded to consider the document in deciding whether to grant the motion.").

### A. Plaintiff's Complaint States a Cause of Action for Breach of Contract

Without the benefit of the terms of the Policy, the Court must confine its consideration of defendant's motion to the complaint allegations to determine whether they state viable causes of action. Count II asserts a claim for breach of contract. "Under Ohio law, a breach of contract occurs when there is a binding contract or agreement, the non-breaching party performs its contractual obligations, the other party fails to fulfill its contractual obligations without legal excuse and the non-breaching party suffers damages as a result of the breach." *Maxey v. State Farm Fire & Cas. Co.*, 689 F. Supp. 2d 946, 950 (S.D. Ohio 2010) (citing *Garofalo v. Chicago Title Ins. Co.*, 661 N.E.2d 218, 226 (Ohio Ct. App. 1995)) (further citation omitted); *Sobh v. Am. Family Ins. Co.*, 755 F. Supp. 2d 852, 855 (N.D. Ohio 2010) (same) (citation omitted).

Plaintiff alleges the existence of a binding agreement in the form of an insurance policy, fulfillment by plaintiff and decedent of all obligations under the agreement, failure of defendant to fully perform under the agreement, and damages. (Compl. ¶¶ 4-5, 15-17, 20.) These allegations were accompanied by sufficient factual detail to state a breach of contract claim. (*Id.* ¶ 6-8 (outlining the death of decedent, filing of a timely claim, and entitlement to full recovery), 9 (establishing breach on the part of defendant and damages). Nothing more is required at the pleading stage. .

Of course, even if the Court were permitted to consider the unauthenticated document attached to defendant's dispositive motion, dismissal of this claim would still be inappropriate. Hartford's defense to the breach of contract claim centers around the alleged policy provision

7

calling for a 50% reduction in the death benefit after the policyholder turns 70 years of age. (Mot. at 46.) Based upon the state of record at this time, however, the Court cannot determine whether this contract provision applies. Though Hartford complains that plaintiff did not allege that the decedent was under the age of 70 at the time of her death, plaintiff was not required to anticipate and plead facts to overcome each and every defense Hartford would advance. *See Cataldo*, 676 F.3d at 547; *Memphis, Tenn. Area Local, Am. Postal Workers Union, AFL-CIO*, 361 F.3d at 904. While defendant may ultimately prevail on the theory that the decedent's age was such that she only qualified for 50% of the original death benefit under the Policy, it is not entitled to such a ruling at this time. Hartford's motion to dismiss, as to plaintiff's breach of contract claim, is denied.

### B. Plaintiff's Complaint Fails to State a Claim for Bad Faith

Count I alleges bad faith in processing plaintiff's request for death benefits under the Policy. "An insurer fails to exercise good faith in the processing of a claim of its insured where its refusal to pay the claim is not predicated upon circumstances that furnish reasonable justification therefor." *Zoppo v. Homestead Ins. Co.*, 644 N.E.2d 397 (Ohio 1994) syllabus ¶ 1 (citations omitted); *see Greenberg*, 177 F. 3d at 519 ("'an insurer has the duty to act in good faith in the handling and payment of the claims of its insured'") (quoting *Hoskins v. Aetna Life Ins. Co.*, 452 N.E.2d 1315, 1319 (Ohio 1983)) (further citation omitted). Thus, in order to assert a bad faith claim against defendant, plaintiff needs to show that defendant failed to exercise good faith in handling plaintiff's claim by circumstances that did not furnish "reasonable justification" for such handling. *See Maxey*, 689 F. Supp. 2d at 953 (citations omitted); *Florists' Mut. Ins. Co. v. Ludy Greenhouse Mfg. Corp.*, 521 F. Supp. 2d 661, 691-92 (S.D. Ohio 2007) ("'A cause of action arises for the tort of bad faith when an insurer breaches its duty of good faith by

8

intentionally refusing to satisfy an insured's claim where there is either (1) no lawful basis for the refusal coupled with actual knowledge of that fact or (2) an intentional failure to determine whether there was any lawful basis for such refusal.'") (quoting *Zoppo*, 644 N.E.2d at 554).

It is not enough to allege a failure to pay a claim in full to establish bad faith. The Ohio Supreme Court has recognized that:

> whenever an insurance company denies a claim of its insured, it will not automatically expose itself to an action in tort. Mere refusal to pay insurance is not, in itself, conclusive of bad faith. But when an insurer insists that it was justified in refusing to pay a claim of its insured because it believed there was no coverage of the claim, . . ."such a belief may not be an arbitrary or capricious one. The conduct of the insurer must be based on circumstances that furnish reasonable justification therefor."

*Hoskins*, 452 N.E.2d at 1320 (quoting *Hart v. Republic Mut. Ins. Co.*, 87 N.E.2d 347, 349 (Ohio 1949)); *Ohio Bar Liab. Ins. Co. v. Hunt*, 787 N.E.2d 82, 89 (Ohio Ct. App. 2003) ("But bad faith is not shown by a mere breach of a contractual duty, nor can it be shown by an insurance company's mistaken actions relating to an unclear contractual provision.") (citing *Helmick v. Republic-Franklin Ins. Co.*, 529 N.E.2d 464 (Ohio 1988)).

Here, plaintiff alleges that defendant made its decision to pay less than the full amount of the death benefit "arbitrarily, wrongfully, and in bad faith[.]" (Compl. ¶ 19.) Plaintiff further asserts that Hartford "wrongfully and unjustifiably refused to pay the full amount of the death benefit due and owed to the Estate." (*Id.* ¶ 20.) Finally, the complaint provides that Hartford's conduct was "done without reasonable justification and therefore constitutes bad faith." (*Id.* ¶ 21.) The only facts that could possibly support these conclusory allegations, however, involve Hartford's failure to provide a certified copy of the Policy upon request. (*Id.* ¶¶ 10-11, 18.) In her opposition brief, plaintiff suggests that the fact that Hartford has never been able to submit a certified copy of the Policy could demonstrate that it lost or destroyed the Policy and that, in

doing so, acted in bad faith. (Opp'n at 88.) Yet, plaintiff has not alleged that Hartford misrepresented the terms of the Policy, or otherwise mislead plaintiff as to coverage under the Policy. Without proper supporting factual allegations, plaintiff fails to plead a factual predicate for her bad faith claim. Because plaintiff's factual allegations, if believed, establish nothing more than a breach of contract, plaintiff's bad faith claim fails to state a cause of action. Defendant's motion to dismiss, as it relates to plaintiff's bad faith claim, is granted.

### C. The Court can Exercise Jurisdiction over the Declaratory Judgment Claim

In her third claim, plaintiff seeks a declaration that Hartford is obliged to pay the remaining 50% of the death benefit set forth in the Policy. (*Id*. ¶ 38(c).) The Sixth Circuit applies a five factor test to determine whether a district court should exercise subject matter jurisdiction over a declaratory judgment request. *See Grand Trunk W. R.R. Co. v. Consol. Rail Corp*., 746 F.2d 323, 326 (6th Cir. 1984). The five factors are:

> (1) whether the declaratory action would settle the controversy; (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue; (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata"; (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective.

*Id*. (citation omitted).

In the present case, the first two factors favor permitting the declaratory judgment claim as a declaration that Hartford was required to pay the full amount of the death benefit under the Policy would obviously settle the controversy between the parties, and, in doing so, clarify the legal relations in issue. Additionally, the claim is not the product of procedural fencing as there is no competing state court action and it was brought by the party that also raised the substantive contract and fraud claims. *See Lake Carriers' Ass'n v. MacMullan*, 406 U.S. 498, 509, 92 S. Ct.

1749, 32 L. Ed. 2d 257 (1972) (In the absence of a parallel state court proceeding, a federal declaratory judgment is ordinarily appropriate if the other requirements for declaratory judgment actions have been met.) (citation omitted). In the same vein, there is little concern that consideration of the declaratory judgment action by this Court will cause friction between the federal and state courts as there is no parallel state action, and, while state courts may be best suited to resolve state insurance law issues, federal courts are capable of applying state law. *See Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 560 (6th Cir. 2008) (citation omitted). Finally, because defendant was entitled to remove this action to federal court, there exists no alternative state court remedy. Given that all of the *Grand Trunk* factors support permitting a declaratory judgment claim in this action, and defendant has not argued that plaintiff has failed to state a claim for declaratory relief, defendant's motion to dismiss the declaratory judgment claim is denied.

D. **The Court Cannot Decide as a Matter of Law that the Action is Time Barred**

Finally, defendant argues that the plaintiff's action is untimely because it was not brought within the three year limitation period set forth in the Policy. (Mot. at 48, 53-4.) Of course, defendant's argument relies on the unauthenticated copy of the terms of the Policy attached to its motion to dismiss. Because this document is not properly before the Court, a ruling at this time on timeliness is not possible.

Moreover, because a plaintiff is not required to plead the lack of an affirmative defense, the Sixth Circuit has held that a Rule 12(b)(6) motion "'is generally an inappropriate vehicle for dismissing a claim based upon a statute of limitations.'" *Engleson v. Unum Life Ins. Co. of Am.*, 723 F.3d 611, 616 (6th Cir. 2013) (quoting *Cataldo*, 676 F.3d at 547). Indeed, none of the cases relied on by defendant resolved the issue on a Rule 12(b)(6) motion. (*See* Mot. at 53 (citing case

11

examples).) It is only where the allegations in the complaint "affirmatively show that the claim is time-barred" that dismissal on this basis on a Rule 12(b)(6) motion is appropriate. *Cataldo*, 676 F.3d at 547 (citing *Jones*, 549 U.S. at 215). Here, the complaint is devoid of allegations that would permit the Court to find this action time-barred. Because the complaint does not affirmatively show that plaintiff's claims are untimely, the Court cannot hold, at this time, that any limitations provision in the Policy bars plaintiff's claims. *See, e.g., Factory Mut. Ins. Co. v. Westport Ins. Corp.*, No. 09-12761, 2010 WL 2232270, at *6 (E.D. Mich. May 26, 2010) (insurance company was not entitled to judgment, on motion to dismiss, that plaintiff's claims were time-barred).

### IV. CONCLUSION

Upon a more fully developed record, defendant may be able to demonstrate that plaintiff's claim for a death benefit under the Policy was subject to a 50% reduction due to the decedent's age at the time of her death. Given the standard that the Court is required to apply when considering a Rule 12(b)(6) motion to dismiss, however, a determination regarding these issues must be left for another day.

For all of the foregoing reasons, defendant's motion to dismiss (Doc. No. 6) is GRANTED in part and DENIED in part. Accordingly, plaintiff's bad faith claim is DISMISSED. This case will proceed on plaintiff's claims for breach of contract and declaratory judgment.

**IT IS SO ORDERED**.

Dated: February 26, 2016

                                                 **HONORABLE SARA LIOI**
                                                 **UNITED STATES DISTRICT JUDGE**